# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**NORTHWEST HARDWOODS, INC.,**
**Employer Below, Petitioner**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-210**        (JCN: 2013025135)

**MARK FERRELL,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Northwest Hardwoods, Inc. ("Northwest") appeals the April 20, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Mark Ferrell filed a timely response.[1] Northwest filed a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied the addition of left pes anserine bursitis and left knee osteoarthritis as compensable components of the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 20, 2013, while employed by Northwest, Mr. Ferrell was hit in the left leg by a piece of tin which knocked him to the ground. On the same day, Mr. Ferrell filed an application for workers' compensation benefits. The physician's portion of the claim application identified the compensable diagnosis as a left knee contusion. On April 2, 2013, the claim administrator issued an order holding the claim compensable for a left knee contusion. Mr. Ferrell underwent an MRI of his left knee on July 23, 2013, revealing a contusion of the lateral tibial plateau, a grade 1 MCL sprain, and a small joint effusion with a Baker's cyst.

Mr. Ferrell underwent left knee arthroscopy on March 28, 2014, to remove a medial plica. An MRI on Mr. Ferrell's left knee was performed on June 18, 2015, revealing an intact ACL and PCL; stable appearance of the anterior horn medial meniscus with apparent

---

[1] Northwest is represented by Daniel G. Murdock, Esq. Mr. Ferrell is represented by Lori J. Withrow, Esq., and Reginald D. Henry, Esq.

truncation, but no significant interval change when compared to the 2013 MRI; resolution of the bone contusion and grade 1 MCL strain; and a small Baker's cyst.

On August 19, 2016, Mr. Ferrell was seen by Karim Boukhemis, M.D., and E. Barry McDonough, Jr., M.D. They noted that Mr. Ferrell's left knee arthroscopy in March 2014, had not improved his pain. Drs. Boukhemis and McDonough opined that Mr. Ferrell suffered from arthritis of the left knee and recommended physical therapy and a knee brace.

Mr. Ferrell was seen by Mohamed Fahim, M.D., for left knee pain on September 20, 2016. Dr. Fahim noted that Mr. Ferrell had undergone physical therapy with no improvement of his symptoms. Dr. Fahim diagnosed Mr. Ferrell with unilateral post-traumatic osteoarthritis of the left knee.

Mr. Ferrell was treated by Christopher Courtney, D.O., from November 1, 2017, to November 8, 2019. Dr. Courtney noted that Mr. Ferrell had undergone surgery and physical therapy with no improvement of his symptoms. Dr. Courtney administered pes anserine and intra-articular joint injections to Mr. Ferrell's left knee. Mr. Ferrell reported improvement of his symptoms following the injections. Dr. Courtney diagnosed Mr. Ferrell with pes anserine bursitis and left knee osteoarthritis that Dr. Courtney opined were related to Mr. Ferrell's compensable 2013 injury. On November 26, 2018, Dr. Courtney submitted a diagnosis update form, requesting that the diagnoses pes anserine bursitis and osteoarthritis be added as compensable components of the claim.

On May 31, 2019, the claim administrator issued an order denying the addition of left knee pain, left pes anserine bursitis, and left knee osteoarthritis as compensable components of the claim.[2] Mr. Ferrell protested this order. Dr. Courtney authored a letter dated November 8, 2019, stating that since his 2013 injury, Mr. Ferrell had consistently complained of pain in his left knee. Dr. Courtney opined that the requested diagnoses were related to the compensable injury.

Chuan Fang Jin, M.D., performed an independent medical examination of Mr. Ferrell on January 9, 2020. The physical examination revealed significant palpable tenderness over the medial line joint. Range of motion was found to be "fairly normal." Dr. Jin opined that Mr. Ferrell was at maximum medical improvement regarding his compensable left knee contusion. Dr. Jin noted that the diagnosis of pes anserine bursitis was not made until four years after the compensable injury and opined that it was degenerative and not causally related to the compensable injury. Dr. Jin also opined that the diagnosis of osteoarthritis was not causally related to the compensable injury because arthrosis is generally a degenerative condition and "soft-tissue trauma is not a known risk

---

[2] The diagnosis of left knee pain is not at issue in the instant claim.

factor for development of acceleration of degeneration." Dr. Jin opined that Mr. Ferrell's osteoarthritis preexisted the compensable injury.

On April 20, 2023, the Board issued an order reversing the claim administrator's order which denied the addition of pes anserine bursitis and osteoarthritis as compensable components of the claim.[3] The Board found that Mr. Ferrell had established by a preponderance of the evidence that pes anserine bursitis and osteoarthritis should be added as compensable components of the claim under *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). Northwest now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Northwest argues that the diagnosis of pes anserine "does not exist at all," and even if it did exist, would not be related to Mr. Ferrell's compensable injury. Northwest further argues that the Board's finding that pes anserine bursitis was compensable is arbitrary and capricious and an abuse of discretion because the Board found

---

[3] The Office of Judges ("OOJ") initially affirmed the claim administrator's denial of the addition of pes anserine bursitis and osteoarthritis as compensable components of this claim in an order dated October 9, 2020. The OOJ's order was then affirmed by the Board on February 19, 2021, and Mr. Ferrell appealed this claim to the Supreme Court of Appeals of West Virginia. On January 19, 2023, the Supreme Court reversed and remanded this claim to the Board for further analysis under *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022).

differently after the claim was remanded to the Board from the Supreme Court for reconsideration. Northwest also argues that Mr. Ferrell's osteoarthritis was preexisting and has no causal relation to Mr. Ferrell's compensable injury. Moreover, Northwest argues that if the Supreme Court intended for these conditions to be held compensable, the Court would have made that clear. Finally, Northwest argues that the Board was required to hold a supplemental hearing and accept new evidence in this claim. We disagree.

In *Gill v. City of Charleston,* 236 W. Va. 737, 783 S.E.2d 857 (2016*)*, the Supreme Court of Appeals of West Virginia held:

> "[a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a discrete new injury, that new injury may be found compensable."

*Gill* at 738, 783 S.E.2d at 858, syl. pt. 3.

In *Moore*, the Supreme Court clarified its position, holding, "[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards." *Moore* at __, 879 S.E.2d at 781, syl. pt. 5.

Here, the Board found that Mr. Ferrell was entitled to the presumption set forth in *Moore*, as there was no reliable medical evidence indicating that the diagnoses preexisting the claim or that Mr. Ferrell was symptomatic prior to the compensable injury.[4] The Board found that Mr. Ferrell had been diagnosed with pes anserine bursitis or osteoarthritis by Drs. Courtney and Fahim and that he had consistently complained of knee pain following his compensable injury. Dr. Jin's opinion was found to be unpersuasive by the Board. The Board noted there is no evidence that Mr. Ferrell was diagnosed with pes anserine bursitis or osteoarthritis prior to his compensable injury. The Board further noted that there is no evidence that Mr. Ferrell's left knee was symptomatic prior to his compensable injury. The Board found that Mr. Ferrell was entitled to the presumption set forth in *Moore* and that Northwest had failed to rebut the presumption. Ultimately, the Board ordered that pes

---

[4] The instant case can be distinguished from *Blackhawk Mining, LLC, v. Argabright*, No. 22-ICA-262, __ W. Va. __, __ S.E.2d __, 2023 WL 3167476 at *3 (Ct. App. May 1, 2023), in which this Court held that a preexisting injury itself does not become compensable, only the discrete new injury. It is clear from the evidence that Mr. Ferrell was asymptomatic prior to his injury and that he suffered a discrete new injury separate from his preexisting condition.

4

anserine bursitis and osteoarthritis be added as compensable components of Mr. Ferrell's claim.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Ferrell was entitled to the presumption set forth in *Moore*. Further, we find that the Board was not clearly wrong in finding that Mr. Ferrell had established by a preponderance of the evidence that pes anserine bursitis and osteoarthritis should be added as compensable components of the claim under *Moore*. We find that Board was not clearly wrong in determining that the opinions of Drs. Courtney and Fahim were more persuasive than that of Dr. Jin and in finding that, contrary to Northwest's assertions, Mr. Ferrell had, in fact, been diagnosed with pes arsine bursitis and osteoarthritis. We find Northwest's argument that the Board's finding that pes anserine bursitis was a compensable condition was arbitrary and capricious and an abuse of discretion to be unpersuasive.

To the extent that Northwest argues that the Board should have held an additional hearing upon remand from the Supreme Court, we find that that the Board complied with both the letter and spirit of the mandate, which only instructed the Board to perform an analysis of the matter under *Moore* and did not instruct the Board to hold an additional hearing in the process. *See* Syl. Pt. 3, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W. Va. 802, 591 S.E.2d 728 (2003) ("Upon remand of a case for further proceedings after a decision by this Court, the circuit court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.").

Moreover, it is within the Board's discretion to determine whether a supplemental hearing or additional evidence is necessary in order to decide a claim. West Virginia Code § 23-5-13a (2022) provides:

> It is the policy of this chapter that the rights of claimants for workers' compensation be determined as speedily and expeditiously as possible to the end that those incapacitated by injuries and the dependents of deceased workers may receive benefits as quickly as possible in view of the severe economic hardships which immediately befall the families of injured or deceased workers. Therefore, the criteria for continuances and supplemental hearings "for good cause shown" are to be strictly construed by the Workers' Compensation Board of Review and its authorized representatives to prevent delay when granting or denying continuances and supplemental hearings.

Here, Northwest did not allege that it requested a supplemental hearing or to submit additional evidence, only that the Board "should" have held a supplemental hearing and accepted new evidence. Given the foregoing, we find no error in the Board's issuance of a new order without holding a supplemental hearing upon remand from the Supreme Court.

Accordingly, we affirm the Board's April 20, 2023, order.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

6